UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FLORIDA G. SHEPPARD,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　　　　)　　No. 1:20-cv-03319-JPH-MJD
　　　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Respondent.　　　　　)

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

**I.**
**BACKGROUND**

Petitioner Florida Sheppard is an inmate of the Indiana Department of Correction ("IDOC")

confined at Plainfield Correctional Facility. He is serving sentences for convictions under Indiana

Criminal Case Nos. 20D06-1006-FC-11 and 20D06-1109-FD-262.

On December 28, 2020, Mr. Sheppard filed a petition entitled "Writ of Compassionate

Release or Reduction of Sentence," seeking compassionate release under provisions of the federal

First Step Act, codified as 18 U.S.C. § 3582(c)(1)(i). Dkt. 1. He specifically referenced the inability

of IDOC officials to control the spread of infection in response to the COVID-19 pandemic. *Id.*

On January 22, 2021, the Court issued an order directing Mr. Sheppard to show cause why

the petition should not be dismissed. Dkt. 3. The Court explained that the First Step Act permits a

*federal* prisoner to seek a reduction of his sentence upon a showing that "extraordinary and

compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(i), and that the Court has

no authority to order the State of Indiana to reduce Mr. Sheppard's sentence under the terms of the

First Step Act. *Id.* The Court also found that Mr. Sheppard failed to show that he exhausted state

court remedies before bringing his petition, and that any constitutional claim he might have

1

regarding his facility's health and safety protocols in response to the COVID-19 pandemic was also barred. *Id.* The Court directed Mr. Sheppard to show cause by February 12, 2021, why his petition should not be dismissed. *Id.* On March 4, 2021, the Court denied Mr. Sheppard's motion for counsel and extended his time to respond to the show cause order to March 19, 2021.

Mr. Sheppard responded to the show cause order on March 19, 2021. Dkt. 8. He states that he has not presented his claims for relief through a complete round of state court review. *Id.* However, he asks the Court to excuse this failure because he believes exhausting state court remedies would be futile and could endanger his health by delaying the proceedings. *Id.*

## II.
## DISCUSSION

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); see 28 U.S.C. § 2254(b)(1)(A).

Mr. Sheppard did not exhaust his claims through a complete round of state court review. Even if this failure can be excused, his petition still could not proceed. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "If an inmate establishes that his medical treatment amounts to cruel and unusual punishment, in violation of the Eighth Amendment, the appropriate remedy is to call for proper treatment, or to award him damages; release from custody is not an option." *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005); *Tisthammer v. Walton*, 547 F. App'x 781 (7th Cir. 2013); *see also Robinson v. Sherrod*, 631 F.3d

839, 840 (7th Cir. 2011) (holding that "habeas corpus is not a permissible route for challenging prison conditions" when those conditions do not have an effect on the duration of custody).

Mr. Sheppard has made clear that his request for release is based on the failure of prison officials to provide adequate health and safety measures in response to the COVID-19 pandemic. These claims, which relate to the condition of his confinement rather than the fact or duration of his confinement, are inappropriate grounds for a writ of habeas corpus under § 2254. As previously mentioned, the Court has no authority to order the State of Indiana to reduce Mr. Sheppard's sentence under the terms of the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(i). Accordingly, the petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE**.

### III.
### CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as failure to exhaust), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

No reasonable jurist could conclude that Mr. Sheppard has presented a claim challenging the fact or duration of his confinement. Accordingly, a certificate of appealability is **DENIED**.

**SO ORDERED.**

Date: 4/9/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

FLORIDA G. SHEPPARD
266129
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

4